UTZ v. TAYLOR.

(Supreme Court, Appellate Division, Second Department.    February 14, 1913.)

VENDOR AND PURCHASER (§ 197*)—MORTGAGES—VENDOR'S DUTY TO PROTECT—
   TERMINATION OF LIABILITY.

> Where a vendor, as part of a contract for the sale of mortgaged property, agreed to protect a second mortgage thereon which the vendee assumed until February 1, 1904, there was an implied condition that the vendee would do nothing with the property which should make it either impossible to place a new mortgage thereon or increase the difficulty of so doing; and hence the vendor was released from further liability by the vendee's contracting to sell a portion of the mortgaged premises, with the building thereon, free and clear of all incumbrances, prior to any demand that she pay off the mortgage, requiring a refundment thereof before the date specified.

> [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 407; Dec. Dig. § 197.*]

Appeal from Trial Term, Kings County.

Action by Emma Utz against Henry Taylor. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, he appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Cyrus V. Washburn, of Brooklyn, for appellant.

J. Stewart Ross, of Brooklyn, for respondent.

BURR, J.    On October 3, 1900, the parties to this action entered into an agreement by which defendant was to convey to plaintiff a plot of ground, with the buildings thereon situated, on the northeasterly corner of Liberty and Schenck avenues, in the borough of Brooklyn, 50 feet wide on Liberty avenue and 100 feet deep on Schenck avenue. This agreement contained a clause in the words following:

> "The premises which are to be conveyed by the party of the first part [defendant] are to be conveyed subject to the following incumbrances:  A mortgage for $2,500, with interest at 5%, and a second mortgage of $2,000, interest at 5% per annum, which the party of the first part will protect to February 1, 1904."

On November 12, 1900, this contract was executed by the delivery of a deed, and at that time a further agreement was entered into, which, after reciting the contract to convey dated October 3, 1900, and the second mortgage referred to therein, contained this provision:

> "Now, therefore, the said party of the first part [defendant] agrees to protect the said party of the second part [plaintiff] from any loss by reason of the calling in of the said mortgage of $2,000 as aforesaid before February 1, 1904, except by reason of the default in the payment of interest and taxes."

Although the meaning of this clause is not entirely clear, both parties seem to have considered it as meaning that, if payment of the second mortgage of $2,000 should be demanded by the holder thereof before February 1, 1904, defendant would either procure an assignment and extension of said mortgage to be made, or would pay the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

expenses which plaintiff should reasonably incur in procuring another mortgage upon the property in the place thereof. There is some testimony on the part of plaintiff that in May, 1902, the holder of this second mortgage did demand its payment, and it appears that it and the prior mortgage on said property were in fact paid in November, 1902, at which time plaintiff placed two new mortgages upon a portion of the property conveyed to her; the first mortgage being for $3,500 and the second mortgage being for $5,400. This second mortgage also covered other property owned by plaintiff. For a portion of the expenses which plaintiff claims that she incurred in connection with the placing of these mortgages, she obtained a verdict from a jury, and from the judgment entered thereon, and an order denying a motion for a new trial, defendant appeals.

Although there was a sharp conflict of testimony as to the making of a demand for the payment of the second mortgage by the holder thereof, it is not necessary for us to pass upon the weight of the evidence, since for other reasons plaintiff is not entitled to recover. If the agreement between plaintiff and defendant is susceptible of the construction placed upon it, there must be necessarily implied, in connection with the agreement on defendant's part, an agreement on plaintiff's part that she would do nothing with the property affected by said mortgage which should make it either impossible to place a new mortgage thereon or increase the difficulty of so doing.

Defendant attempted to prove that in November, 1901, and several months before the date when, even according to plaintiff's contention, a demand for the payment of the second mortgage was made, she had entered into a contract to sell a portion of the rear of the mortgaged premises, 25 feet wide in front on Schenck avenue and 50 feet deep on each side, with a building thereon, free and clear of all incumbrances, and that this contract was carried out at the time that the new mortgages were placed on the remainder thereof. This testimony was excluded, upon plaintiff's objection. This was error. If such were the facts, they afforded a complete defense to plaintiff's claim. By her own act, prior to any demand upon her, she had placed herself in a position in which she was obliged to either pay off said second mortgage or procure the property which she had agreed to convey to be released from the lien thereof. No damage could therefore result to her by a subsequent demand for the payment of that mortgage, since she had already obligated herself for her own benefit to procure its discharge. At least, by her act she had prejudiced the position of the defendant with relation to the extent of the property which she could offer as security for a new loan. Having done so, she released him from obligation of performance on his part.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.